

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

**AUSTIN, TEXAS**

August 4, 1949

Hon. L. A. Van Slyke
County Attorney
Fort Bend County
Richmond, Texas

Opinion No. V-870.

Re: Whether certain vehicles
are required to be equip-
ped with mechanical signal
devices designed to indi-
cate a left or right turn.

Dear Mr. Van Slyke:

Your letter of June 1, 1949, after carefully analyzing
the pertinent provisions of the Uniform Act Regulating Traffic
on Highways, codified as Article 6701d of Vernon's Civil Statutes,
requests our opinion on the following question:

"Does the uniform act regulating traffic
on highways require commercial vehicles such
as trucks, truck tractors, trailers and semi-
trailers to be equipped with a lamp or lamps
or mechanical signal device capable of clearly
indicating any intention to turn either to the
right or to the left and which shall be visible
both from the front and from the rear?"

Your question and your discussion of the problem in
your letter indicate that you are concerned primarily with de-
termining whether the Act prohibits the operation of specified
commercial vehicles on the highways, when those vehicles are
so loaded or constructed that hand-and-arm signals of intention
to turn would not be visible to the front and rear to the extent
required by the Act, and when those vehicles are not equipped
with lamps or mechanical devices for signaling turns.

It is apparent from Article VII, Sections 68a and 69
of the Act, that under certain conditions an operator of a vehi-
cle from which adequate hand-and-arm signals could not be
given is liable to prosecution if he makes a turn without giving
a proper signal with a lamp or mechanical device:

"Sec. 68. (a) No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in Section 65, or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement.

". . . .

"Sec. 69. Any stop or turn signal when required herein shall be given either by means of the hand and arm or by a signal lamp or lamps or mechanical signal device of a type approved by the department, but when a vehicle is so constructed or loaded that a hand-and-arm signal would not be visible both to the front and rear of such vehicle then said signals must be given by such a lamp or lamps or signal device."

But in order to determine whether the mere operation of a vehicle which is not properly equipped under these stated conditions is an offense under the Act, reference must be made to Article XIV, entitled "Equipment," and to the case of Berryman v. State, 213 S.W.2d 842 (Tex. Crim. 1948), relating to Section 69.

It is provided in the Article on Equipment, Section 108 of the Act, that it is a misdemeanor for any person to drive a vehicle "which is in unsafe condition as to endanger any person, or which does not contain those parts or is not at all times equipped with such lamps and other equipment in proper condition and adjustment as required in this Article. . . ."

It is further provided in Section 124 under the same Article:

"Sec. 124. (a) Any motor vehicle may
be equipped and when required under this Act
shall be equipped with the following signal
lamps or devices:

"...

"2. A lamp or lamps or mechanical sig-
nal device capable of clearly indicating any
intention to turn either to the right or to the
left and which shall be visible both from the
front and rear...."

If operating a vehicle without turn signal equipment
is an offense under the Act, it is because it is prohibited by the
provisions of Section 108, Section 124, and Section 69, considered
together, reference being made from Section 108 to Section 124,
and thence to Section 69.

According to the record before the Court in Berry-
man v. State which we have examined, the complaint charged that
the defendant did then and there:

"Drive and operate a motor vehicle,
to-wit: a truck, upon a public highway there
situate, without then and there having said
truck equipped with a lamp or lamps or me-
chanical signal device capable of clearly in-
dicating any intentions to turn either to the
right or to the left, visible to the front and
the rear of said truck, said truck being so
constructed that a hand and arm signal was
not visible to the rear thereof."

The Court sustained a conviction based upon this
charge. The principal question discussed in the opinion was
whether Section 69 of the Act here under consideration was so
vague and indefinite as to be unenforceable in that it provided
that a lamp or signal device must be used when a hand-and-arm
signal would not be "visible." The court said:

"We think that a fair interpretation of
the phrase 'visible both to the front and rear

of such vehicle,' taking the whole Act into consideration, means such as can be seen by one in the ordinarily used and accepted position of one traveling on such highways under ordinary weather conditions."

The court was careful to state that a fact issue was involved as to whether hand and arm signals were visible in the particular case. But since it is not requisite that a statute describe the factual details of every possible offense under the section, it was held that the presence of a fact issue did not destroy the certainty of the meaning of the section.

Although the record of this case shows that there was a motion to quash, setting up the failure to allege an offense, the principal objection made was to the uncertainty of the meaning of Section 69. It is not clear whether the point was urged that the only offense chargeable under the Act was failure to give a proper signal before turning rather than failure to have certain equipment on the vehicle which was being operated on the highway. Even so, it is clear from the opinion that the court considered the statute as a whole and sustained a conviction based upon a charge of the kind last described. That an offense of this kind could be charged under the Act is reasonably certain, as Section 108 prohibits driving a vehicle on the highway which is not "at all times" equipped as required by the Article on equipment. Section 124 of that Article says any motor vehicle "when required under this Act shall be equipped" with a turn signal lamp or mechanical device. Section 69 requires mechanical turn signals by vehicles loaded or constructed so that hand-and-arm signals would not be visible. Construing these three sections together, it must be concluded that to operate these vehicles lawfully, turn signal equipment is "required by the Act" and, being so required, the vehicles must be equipped with them "at all times."

It should be noted that we have reached the conclusion that it is the operation of a motor vehicle without proper equipment which is prohibited by the Act, and not the mere failure to have proper equipment on a motor vehicle. The complaint in the Berryman case, quoted above, correctly describes the offense. It is suggested that to further insure that the purpose of the Act is accomplished and the intention of the legisla-

ture followed, in addition to the offense described in the Berryman case, the offense of failure to give a proper signal when making a turn be charged whenever both of these law violations have occurred.

The only language of the Act set forth above which is in any way vague or indefinite is the term "visible" used in Section 69, and the Berryman case holds that the use of this term does not render the statute void for uncertainty. Otherwise, the prohibition with which we are here concerned is stated in plain written terms contained in the several sections above quoted.

The parts of the statute discussed apply to all vehicles as defined in the Act, regardless of whether they are classified as trucks, truck-tractors, trailers, semi-trailers or otherwise.

## SUMMARY

The operation on the highway of a vehicle which is not equipped with a lamp or lamps or signal device with which to signal an intention to turn is prohibited by Article 6701d, Vernon's Civil Statutes, if the vehicle is so loaded or constructed that a hand-and-arm signal would not be visible to the front and rear.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *William B. Langworthy*
William B. Langworthy
Assistant

WBL:erc

APPROVED:
*Price Daniel*
ATTORNEY GENERAL